IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY RICHARDO TURNER,

    Petitioner,        No. CIV S-07-2058 GEB EFB P

    vs.

ARNOLD SCHWARZENEGGER, et al.,

    Respondents.      <u>ORDER</u>

                               /

       Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Petitioner seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a).

       Examination of the *in forma pauperis* affidavit reveals that petitioner is unable to afford the costs of suit.

       The court has reviewed the petition in detail and, for the reasons explained below, finds that in order to proceed petitioner must file an amended petition. *See* Rule 4, Rules Governing Section 2254 Cases (requiring summary dismissal of habeas petition if, upon initial review by a judge, it plainly appears "that the petitioner is not entitled to relief in the district court").

       Petitioner currently is confined at a detention facility in Dunnigan, California. He alleges that various individuals at the Monroe Detention Center have retaliated against him for filing lawsuits and have violated his rights under state law. He alleges that money damages are

1

inadequate to remedy the illegalities visited upon him.  Therefore, he seeks an order enjoining defendants from further violating his rights and releasing him from custody.  He also seeks an order expunging all rules violation reports issued between March 25, 2007, through June 4, 2007, on the ground that they were issued in violation of due process.

A judge "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  A district court must entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  By its nature, a petition for a writ of habeas corpus challenges the legality of the fact or duration of confinement.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  However, suit under the civil rights statute is appropriate where a prisoner challenges the conditions of his confinement.  *See Preiser*, 411 U.S. at 499.  Even where the applicant challenges the fact or duration of confinement, a federal court cannot grant relief for alleged errors in the interpretation and application of state law.  *See Estelle v. McGuire*, 502 U.S. 62 (1991); *Engle v. Issac*, 456 U.S. 107, 119 (1982); *Butcher v. Marquez*, 758 F.2d 373, 378 (9th Cir.1985); *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985).

As noted, above, petitioner claims that various officers at the Monroe Detention Center have retaliated against him by instituting disciplinary actions against him.  However, it is not clear from the allegations that any of these actions resulted in the loss of good time credits, thereby affecting the duration of his confinement.  Neither is it clear expunging the records of the disciplinary proceedings would benefit him at a parole suitability hearing.  *See Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir.1989) (habeas corpus appropriate remedy for prisoner seeking  expungement of  a disciplinary finding from his record "if expungement is likely to accelerate the prisoner's eligibility for parole.").  Furthermore, this court cannot in a habeas

action order any redress for alleged state-law violations.  Accordingly, it does not appear that petitioner is entitled to relief.  Unless petitioner files an amended petition containing allegations showing that he may be entitled to relief, the petition must summarily be denied.

Accordingly, it is ORDERED that:

1. Petitioner's request for leave to proceed *in forma pauperis* is granted; and

2. Petitioner has 20 days from the date of this order to file an amended petition for a writ of habeas corpus curing the deficiencies identified in this order.  The petition must bear the docket number assigned to this action and be styled, "First Amended Petition."  Failure to comply with this order will result in a recommendation that the petition be dismissed.

Dated: December 5, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3